ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
IBRAHIM ANNAN

            Plaintiff

- against -

CITY OF NEW YORK
P.O. DOMINICK RASO, Individually
P.O. JOSEPH D'ALBERO, Individually
P.O. JOSEPH SETNER, Individually

            Defendant(s)
--------------------------------------------------------------X

CV16 2339

DONNELLY, J.

ORENSTEIN, M.J.

COMPLAINT

PLAINTIFF'S DEMAND TRIAL BY JURY

Case

Plaintiff, IBRAHIM ANNAN, by and through his attorney, Gregory S. Watts, 26 Court Street, Suite 910, Brooklyn, New York 11242, complaining of the above defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3. Jurisdiction is found upon 28 U.S.C §§1331m 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this mater pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff IBRAHIM ANNAN, is a 41 years of age and presently resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DOMINICK RASO, JOSEPH D'ALBERO, JOSEPH SETNER, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in

compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On April 2, 2014, at approximately 2:50 pm, Ibrahim Annan was sitting in his vehicle, a Toyota Camry, 4 door, in the driveway of 100 Pierce Street, Staten Island, New York. Mr. Annan was visiting a friend at the location.

13. On the street in front of 100 Pierce Street, police officer, Dominick Raso, Joseph D'Albero, and Joseph Setner, allegedly observed a young man rolling a marijuana cigarette.

14. All three (3) of the officers were dressed in civilian clothing, were in an unmarked police vehicle, and were assigned to the 120th Precinct in Staten Island.

15. The officers stopped their vehicle and police officer Setner placed an individual Ruben Bermudez, under arrest. Police Officer D'Albero stopped another individual who was with Mr. Bernudez.

16. Officer Raso, left his fellow officer and walked onto the driveway of 100 Pierce Street, where Mr. Annan was sitting in his vehicle. The driveway was to a private residence.

17. Officer Raso, ordered Mr. Annan out of his vehicle. Mr. Annan refused and told the officer he was not leaving his car and they should go and get a warrant.

18. Officer D'Albero walked over to where officer Raso and Mr. Annan were located.

19. The windows to the vehicle were up, the car was in park with the keys in the ignition and the engine not running at no time did Mr. Annan attempted to flee from the location.

20. The officers did not display their shields or identify themselves as police officers.

21. police officer D'Albero was on the passenger side, police officer Raso was on the driver side, police officer Setner, was standing in the front of the vehicle.

22. Police officer Raso, alleged he observed marijuana inside Mr. Annan's vehicle, by the shifter and told Mr. Annan to get out of the vehicle to arrest him.

23. All the defendants, police officers, drew their weapons and was pointing it at the direction of Mr. Annan.

24. Police officer D'Albero contends Mr. Annan picked up a lysol can and from inside of the vehicle, lit the lysol spray with a lighter to burn the defendants. This occurred while all the windows to the car were up. None of the officers or Mr. Annan sustained any injuries consistent with being burned.

25. Police officer Raso went to his vehicle and returned with a banton and broke the window on the driver's side of the vehicle. Officer D'Albero then opened the passenger's side door and began hitting plaintiff with his fist, baton, and other objects about his head, neck, hand, and back in an attempt to remove him from the vehicle.

26. Officer Raso, with the assistance of Officer Setner struck plaintiff repeatedly about the head, neck, and arms. The officers then physically removed plaintiff through the drivers side door of the vehicle and continued hitting plaintiff about his body while outside of the vehicle.

27. Plaintiff was then placed face down on the ground by the defendants and handcuffed behind his back. While on the ground in a supine position, Mr. Annan began yelling for help at individuals watching the incident. One of the officers

stepped or twisted Mr. Annan's left foot, fracturing his ankle in multiple places.

28. After waiting for several minutes, the officers called for an ambulance, which arrived at the scene. Mr. Annan was taken, in the ambulance, with officer Raso to Richmond University Medical Center, located at 355 Bard Avenue, Staten Island, New York 10310. He was diagnosed with blunt force trauma to the head, neck, body. He sustained a broken ankle which required surgery and the insertion of hardware in his foot.

29. On September 1, 2015, a hearing was held in Criminal Court, Staten Island and police officer Raso testified at the hearing.

30. On September 22, 2015, the Honorable Raymond A. Rodriguez dismissed all charges except the Assault in the Third Degree.

31. On January 19, 2016, the people dismissed the remaining charge, Assault in the Third Degree, against Mr. Annan. Presently, Mr. Annan is still being treated for his injuries.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff Ibrhim Annan the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of American, and in violation of 42 U.S.C§1981 and 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. §1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 38 with the same force and effect as if fully set forth herein.

40. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff, Ibrahim Annan constitutional rights.

41. As a result of the aforementioned conduct of defendants, plaintiff, Ibrahim Annan was subjected to excessive force and sustained physical injuries.

42. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, cost and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. §1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 42 with the same force and effect as if fully set forth herein.

44. The acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

45. As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of their First Amendment rights.

46. As a result of the foregoing, plaintiff, Ibrahim Annan, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, cost and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C.§1983)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 46 with the same force and effect as if fully set forth herein.

48. Defendants had an affirmative duty to intervene on behalf of plaintiff Ibrahim Annan whose constitutional rights were being violated in their presence by other

officers.

49. The defendants failed to intervene to prevent the unlawful conduct described herein.

50. As a result of the foregoing, plaintiff, Ibrahim Annan was subjected to excessive force and he was put in fear of his safety.

51. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees cost and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. §1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 51 with the same force and effect as if fully set forth herein.

53. The supervisory defendants personally caused plaintiff Ibrahim Annan constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

54. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, cost, and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C.§1983)

55. Plaintiff repeats reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 54 with the same force and effects as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constitutes a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and retaliating against individuals for exercising their right to free speech, and engaging in falsification.

58. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff Ibrahim Annan's rights as described herein as a result of the failure of the City of New York to properly recruit, screen, train, discipline, an supervise its officers, including the individual defendants, defendant, CITY OF NEW YORK has tacitly authorized ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff, Ibrahim Annan as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Ibrahim Annan as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff, Ibrahim Annan was subjected to excessive force.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Ibrahim Annan's constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiff, Ibrahim Annan of federally protected rights, including, but not limited to, the right to be free from the use of excessive force and/or the failure to intervene;

64. As a result of the foregoing, plaintiff, Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 64 with the same force and effect as if fully set forth herein.

66. Withing ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69. This action falls within one or more of the exceptions as outline in C.P.L.R.§1602

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

70. Plaintiff repeats, reiterated, and realleges each and every allegation contained in paragraphs numbered 1 through 69 with the same force and effect as if fully set forth herein.

71. As a result of the foregoing, plaintiff Ibrahim Annan was placed in apprehension of imminent harmful and offensive bodily contact.

72. As a result of defendants' conduct, plaintiff Ibrahim Annan has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

73. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Battery Under the laws of the State of New York)

74. Plaintiff repeats, reiterated, and realleges each and every allegation contained in paragraphs numbered 1 through 73 with the same force and effect as if fully set forth herein.

75. Defendants made offensive contact with plaintiff without privilege or consent.

76. As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

77. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the State of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 78 with the same force and effect as if fully set forth herein.

79. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

80. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

81. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

82. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

83. As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered 1 through 84 with the same force and effect as if fully set forth herein.

86. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of force against plaintiff.

87. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

88. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys fees, cost and disbursements of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered 1 through 88 with the same force and effect as if fully set forth herein.

90. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of force against plaintiff.

91. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

92. As a result of the foregoing, plaintiff Ibrahim Annan, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, cost and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered 1 through 92 with the same force and effect as if fully set forth herein.

94. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of force against plaintiff.

95. As a result of the foregoing, plaintiff Ibrahim Annan, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, cost and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered 1 through 95 with the same force and effect as if fully set forth herein.

97. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in scope of their employment when they engaged in the wrongful conduct described herein.

98. As a result of the foregoing, plaintiff Ibrahim Annan, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, cost and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Respondent Superior liability under the laws of the State of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered 1 through 98 with the same force and effect as if fully set forth herein.

100. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employments when they engaged in the wrongful conduct described herein.

101. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered 1 through 100 with the same force and effect as if fully set forth herein.

**WHEREFORE,** plaintiff, Ibrahim Annan, demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the cost and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 28, 2016

Yours, etc.,

Gregory S. Watts
Attorney for Plaintiff
26 Court Street, Suite 910
Brooklyn, New York 11242
(718) 875-5020