UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case: 1:16-cv-02339-AMD-JO
IBRAHIM ANNAN

                                Plaintiff,

                -against-

THE CITY OF NEW YORK,
P.O. DOMINICK RASO,
P.O. JOSEPH D'ALBERO,
P.O. JOSEPH CENTNER,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

                                Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT**

PLAINTIFF'S DEMAND
TRIAL BY JURY

Plaintiff IBRAHIM ANNAN, by and through his attorneys, Gregory S. Watts and Paul Hale, Esq. 26 Court St. Brooklyn, NY 11242, complaining of the Defendants, The City of New York, Police Officer DOMINICK RASO, Police Officer JOSEPH D'ALBERO, Police Officer JOSEPH CENTNER, Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and

Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Richmond in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the actions of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## PARTIES

7. IBRAHIM ANNAN is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. At all times relevant to this action, Defendant Police Officer DOMINICK RASO was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

9. At all times relevant to this action, Defendant Police Officer JOSEPH D'ALBERO was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant Police Officer JOSEPH CENTNER was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

11. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

12. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendant Police Officers.

13. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

14. On April 2, 2014, at approximately 2:50 pm, Ibrahim Annan was sitting in his vehicle, a 4 door Toyota Camry, in the driveway of 100 Pierce Street, Staten Island, New York. Mr. Annan was visiting a friend at the location.

15. At the above time and place Officer Raso walked onto the driveway of 100 Pierce Street, where Mr. Annan was sitting in his vehicle. The driveway was to a private residence. The car was in park with the engine turned off.

16. Officer Raso, without showing identification, ordered Mr. Annan out of his vehicle. Mr. Annan did not exit the vehicle, as he had committed no crime.

17. Officer D'Albero then walked over to where officer Raso and Mr. Annan were located.

18. Next, police officer Centner approached Mr. Annan's vehicle.

19. The officers did not display their shields or identify themselves as police officers.

20. Police officer D'Albero was on the passenger side, police officer Raso was on the driver side, police officer Centner was standing in the front of the vehicle.

21. All three of the officers were dressed in civilian clothing, were in an unmarked police vehicle, and were assigned to the 120th Precinct in Staten Island.

22. Police officer Raso again told Mr. Annan to get out of the vehicle. Mr. Annan did not exit the vehicle.

23. All the defendant police officers drew their weapons and pointed them at Mr. Annan.

24. Police officer Raso went to his vehicle and returned with a baton. Police officer Raso then broke the driver's side window of Mr. Annan's vehicle. Officer D'Albero then opened the passenger's side door and began hitting plaintiff with his fist, baton, and other objects about Mr. Annan's head, neck, hand, and back in an attempt to remove him from the vehicle.

25. Officer Raso, with the assistance of Officer Centner, also struck plaintiff repeatedly about the head, neck, and arms. The officers then physically removed plaintiff through the driver's side door of the vehicle and continued hitting plaintiff about his body while outside of the vehicle.

26. Plaintiff was then thrown face down on the ground by the defendants and handcuffed behind his back. While on the ground, Mr. Annan began yelling for help at various individuals watching the incident. This led to the officers stomping on Mr. Annan's left ankle numerous times, which fractured his ankle in multiple places.

27. After waiting for several minutes and listening to the screams of Mr. Annan, the officers called for an ambulance. Mr. Annan was taken in the ambulance with officer Raso to Richmond University Medical Center, located at 355 Bard Avenue, Staten Island, New York 10310. He was diagnosed with blunt force trauma to the head, neck, and body. He sustained a broken ankle which required surgery and the insertion of hardware in his foot.

28. Mr. Annan was handcuffed to the hospital bed for approximately five days until he was arraigned in the hospital.  He was hospitalized a further three weeks after his bedside arraignment and underwent surgeries for his ankle.

29. Mr. Annan was charged with numerous crimes, including Assault against a police officer (Assault 3rd Degree), Resisting Arrest and drug possession.

30. On September 1, 2015 a hearing was held in Richmond County Criminal Court where police officer Raso testified.

31. On September 22, 2015, the Honorable Raymond A. Rodriguez dismissed all charges except the Assault in the Third Degree.

32. On January 19, 2016, the people dismissed the remaining charge, Assault in the Third Degree, against Mr. Annan.

33. Presently, Mr. Annan is still being treated for his injuries.

34. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

35. The unlawful arrest and assault of Plaintiff by defendants was intentional, malicious, reckless and in bad faith.

36. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained without just or probable cause.

37. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

38. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

39. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

40. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

41. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

42. A NYPD Internal Affairs and a Civilian Complaint Review Board investigation was opened and subsequently closed relating to the incident.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

43. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

44. By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

45. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

   A. Arrests not based upon probable cause;

   B. Unwarranted and malicious criminal prosecutions;

   C. Deprivations of liberty without due process of law;

   D. Excessive force imposed upon them;

    E. Denial of medical attention;

    F. Summary punishment imposed upon them; and

    G. Denial of equal protection under the law.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION:**
**42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants**

48. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

49. Plaintiff was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

50. Plaintiff's speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

51. Motivated in whole or in part by Plaintiff's protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, forcibly arrested, and injured Plaintiff.

52. Defendants Police Officers' adverse actions in retaliation for Plaintiff's expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiff to suffer economic, physical and emotional injuries.

53. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

54. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiff, of which reasonable law enforcement knew or should have known.

55. The acts or omissions of each of the Police Officer Defendants, including the

unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiff's damages.

**AS A THIRD CAUSE OF ACTION:**
**42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment–**
**against all Defendants**

56. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

57. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

58. The Defendants Police Officers were present for the above-described incident and witnessed other Defendants' actions.

59. The Defendants Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

60. The Defendants Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

**AS A FOURTH CAUSE OF ACTION:**
**New York State Constitution, Article 1 Section 12–against all Defendants**

61. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

62. By detaining and imprisoning Plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants Police Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1,

Section 12 of the New York Constitution.

63. Defendants Police Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers.  Said acts by the Defendants Police Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with specific intent to deprive Plaintiff of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

64. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of their state constitutional rights.  Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein-before alleged.

## AS A FIFTH CAUSE OF ACTION:
### Assault and Battery–against all Defendants

66. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

67. In physically assaulting, handcuffing, and intimidating the Plaintiff, the Defendants Police Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon the Plaintiff.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff's sustained the damages hereinbefore stated.

## AS A SIXTH CAUSE OF ACTION:
### False Arrest and False Imprisonment–all Defendants

69. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

70. The Defendant Police Officers wrongfully and illegally detained and imprisoned Plaintiff.

71. The wrongful arrest and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

72. At all relevant times, the Defendants acted forcibly in apprehending, detaining, and arresting Plaintiff.

73. During this period, Plaintiff were unlawfully, wrongfully and unjustifiable detained and deprived of their liberty, and imprisoned.

74. All of the foregoing occurred without any fault or provocation on the part of Plaintiff.

75. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and arrest during this period of time. Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

76. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

### AS A SEVENTH CAUSE OF ACTION:
**Intentional Infliction of Emotional Distress–all Defendants**

77. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

78. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to Plaintiff.

79. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

80. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing

under the doctrine of *respondeat superior*.

81. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein-before stated.

## AS AN EIGHTH CAUSE OF ACTION:
### Negligent Retention of Employment Services–against all Defendants

82. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

83. Upon information and belief, Defendants, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

84. Upon information and belief, Defendants owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

85. Upon information and belief, Defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

86. Upon information and belief, Defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

87. Upon information and belief, because of the Defendants' negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A NINTH CAUSE OF ACTION:
### Negligence–against all Defendants

88. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

89. As a direct and proximate result of the negligent acts of all the Defendants, as set forth herein, Plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

90. That by reason of the said negligence, Plaintiff suffered and still suffer bodily injuries,

became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and are informed and verily believe that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believe that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent.

91. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

### AS AND FOR A TENTH CAUSE OF ACTION
Supervisory Liability under 42 U.S.C. §1983)

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 51 with the same force and effect as if fully set forth herein.

93. The supervisory defendants personally caused plaintiff Ibrahim Annan constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

94. As a result of the foregoing, plaintiff Ibrahim Annan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, cost, and disbursements of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
Malicious Prosecution

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

96. On 1/20/2013, defendants commenced a criminal proceeding against plaintiff.

97. Defendants lacked probable cause to commence said criminal proceeding against plaintiff.

98. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff.

99. On 3/20/2013, the criminal prosecution against plaintiff was terminated in his favor when all charges were dismissed.

100. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TWELFTH CAUSE OF ACTION
*Monell* claim[1]

101. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

102. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

4. On the Fourth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

5. On the Fifth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

6. On the Sixth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

7. On the Seventh Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

8. On the Eighth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

9. On the Ninth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

10. On the Tenth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

11. On the Eleventh Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

12. On the Twelfth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988; and

13. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
7/14/2016

By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344